# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE LEONARDO VALENCIA CAMPOS,

               Petitioner,

v.

RAYMOND HERNANDEZ, KRISTI NOEM, PAMELA BONDI, TODD M. LYONS, and DALE J. SCHMIDT,

               Respondents.

Case No. 26-CV-982-JPS

**ORDER**

## 1.    INTRODUCTION

Petitioner Jose Leonardo Valencia Campos ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") and is incarcerated at Dodge County Jail in Juneau, Wisconsin, where Respondent Dale J. Schmidt ("Schmidt") is his physical custodian.[1] ECF No. 1. He argues

---

[1]Petitioner also names as Respondents Raymond Hernandez, Acting Field Office Director of the Chicago Field Office for ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; and Todd M. Lyons, Acting Director of ICE. ECF No. 1 at 1, 5. The Court will direct the Clerk of Court to substitute Acting U.S. Attorney General Todd Blanche for Pamela Bondi and Acting Director of ICE David Venturella for Todd M. Lyons. FED. R. CIV. P. 25(d).

The Court is skeptical that any of the Respondents—apart from Dale J. Schmidt—are properly sued in this case. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Kholyavskiy v. Achim*, 443 F.3d 946, 949–53 (7th Cir. 2006) (discussing the proper Respondent to name in the context of immigration-related habeas petitions). To the extent Respondents believe that any Respondent is improperly named, or wish to challenge the Court's preliminary findings herein, they should address these issues in their response to the petition.

that his continued detention is unlawful and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 2; 21–22. Petitioner seeks a writ of habeas corpus "requiring that [Schmidt] immediately release Petitioner, or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a)" and an order "[d]eclar[ing] that Petitioner's continued detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the Due Process Clause of the Fifth Amendment." *Id.* at 23. This Order screens the petition.

**2.      SCREENING STANDARD**

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegation, *Vermillion v. Levenhagen*, 519 F. App'x 944, 945 (7th Cir. 2013) (citing *Phillips v. Brennan*, 912 F.2d 189, 191 (7th Cir. 1990)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in

charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

**3.    FACTS**

The following relevant facts are drawn from petition, ECF No. 1, and accepted as true for the purposes of screening.

Petitioner is a "33-year-old national of Venezuela" who entered the United States in November 2023. ECF No. 1 at 5. Petitioner was working in West Bend, Wisconsin as a delivery driver for Amazon in March 2026 when he was "stopped by local police officers for allegedly driving over the speed limit . . . and then arrested for allegedly fleeing or eluding those police officers." *Id.* at 6.

The United States Department of Homeland Security ("DHS") issued an arrest warrant for Petitioner while he was detained at Washington County Jail on that charge; DHS arrested Petitioner on March 19, 2026 and he has been detained at Dodge County Jail since that time. *Id.* ICE has charged Petitioner with, inter alia, being inadmissible under U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and has been placed in removal proceedings. *Id.* Petitioner asserts that he is eligible for asylum but that he nevertheless faces "the prospect of months, or even years, in immigration custody" pursuant to Respondents' policy preventing him from receiving an individual bond hearing. *Id.*

**4.    LAW & ANALYSIS**

Petitioner asserts that, while the Immigration and Nationality Act ("INA") provides for mandatory detention of noncitizens in removal

proceedings in certain circumstances, those in Petitioner's situation—

"people who are applicants for admission but encountered in the interior

[of the United States]"—are to be afforded a bond hearing under Section

1226(a). *Id.* at 8–9. Despite this, Petitioner contends, Respondents have

"recently taken various steps seeking to expand their use of mandatory

detention under Section 1225(b)(2) beyond its plain language." *Id.* at 10.

According to Petitioner this new policy is incorrect and results in due

process violations and violations of the INA. *Id.* at 10–13, 18–21.

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes

that his custody is "in violation of the Constitution or laws . . . of the United

States." Petitioner has raised a constitutional challenge to his ICE detention.

At this stage, the Court cannot say that this challenge appears frivolous or

non-cognizable in habeas corpus proceedings. The Court also cannot

conclude at this stage that the petition is untimely.

Petitioner argues that he is not required at this stage to exhaust all

administrative remedies. ECF No. 1 at 6–7. The Court agrees and will

therefore not dismiss the petition on this basis. *See Gonzalez v. O'Connell*, 355

F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not

statutorily required for § 2241 petitions, but may be required at the district

court's discretion, and that exhaustion may be required for certain

immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140

(1992), *superseded on other grounds by statute*)).

Because Petitioner's claims survive screening, the Court will order

Schmidt to respond to the petition.[2] 28 U.S.C. § 2243 ("A court . . .

---

[2]The Court recognizes that the United States District Court for the Eastern
District of Wisconsin has a Memorandum of Understanding with the United States
Attorney's Office for the Eastern District of Wisconsin ("USAO") which states that
"[t]he USAO agrees to respond to the substance of [§ 2241] petition[s] on behalf of

entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend Schmidt's time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). Schmidt shall respond to the petition within **ten (10) days** of this Order. Once Schmidt has filed his response, Petitioner will have **five (5) days** within which to reply.

Finally, the Court addresses some of Petitioner's requested relief. He requests that the Court enjoin Respondents from transferring him out of the Eastern District of Wisconsin, ECF No. 1 at 23, presumably aimed at ensuring that the Court does not lose jurisdiction over his petition. *See* 28 U.S.C. § 2241(d) ("[T]he [petition] may be filed in the district court for the district wherein such person is held in custody . . . ."). Although Petitioner has failed to move for emergency relief on this basis, the Court has noted his request and will direct Schmidt to confer with DHS and determine whether it will agree not to remove Petitioner from the Eastern District of Wisconsin while the petition remains pending. Within **five (5) days** of this

the federal detainee's custodian and any federal respondents named in the petition. *Memorandum of Understanding Regarding Habeas Corpus Petitions filed under 28 U.S.C. § 2241 – Federal Detainees*, U.S. DIST. CT. E. DIST. OF WIS., 1 (Dec. 10, 2025) https://www.wied.uscourts.gov/sites/wied/files/general-ordes/12.10.25%20MOU%20between%20USDC%20and%20USAO%20re%2028%20USC%202241%20Petitions%20-%20Updated%20Ex%20A.pdf [https://perma.cc/AJ6U-XNA6] (last visited June 5, 2026). Accordingly, the Court will expect that Schmidt's response be filed by the USAO rather than Schmidt's counsel.

Order, Schmidt shall file a status report on the docket noting DHS's response to the above inquiry.

**5.     CONCLUSION**

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition, ECF No. 1, and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

**IT IS FURTHER ORDERED** that Respondent Dale J. Schmidt shall confer with the Department of Homeland Security as stated herein and, within **five (5) days** of this Order, file a status report on the docket noting DHS's response; and

**IT IS FURTHER ORDERED** that within **ten (10) days** of receipt of service of the petition, Respondent Dale J. Schmidt shall file a response to the petition, including reasons why the writ of habeas corpus should not be issued; Petitioner may reply within **five (5) days** from the date Respondent files his response; Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge